UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stewart Liff, et al.,            )<br>      Plaintiffs,         )<br>v.                                    )<br>Office of the Inspector General for the U.S.  )<br>Department of Labor, et al.,    )<br>      Defendants.       ) | Civil Action No. 14-1162 (JEB) |

**MOTION TO MODIFY STAY**

Defendants, by and through undersigned counsel, respectfully move to modify the stay entered in this case on February 26, 2016. Specifically, briefing should continue on defendants' Rule 59(e) motion, and the Court should decide that motion before any proceedings in the Court of Appeals occur. If this Court decides, pursuant to the Rule 59(e) motion, that the claims against the *Bivens* defendants are untimely, then it will be unnecessary for the *Bivens* defendants further to pursue an appeal. Defendants also today are moving the Court of Appeals to hold the appeal in abeyance pending resolution of their Rule 59(e) motion in this forum.

A Notice of Appeal "becomes effective . . . when the order disposing of the [Rule 59(e) motion] is entered." Fed. R. App. P. 4(a)(4)(A)(iv) & (B)(i); *see Hoai v. Vo*, 935 F.2d 308, 311-12 (D.C. Cir. 1991) ("some post-trial motions, including a timely motion to amend or alter a judgment under Rule 59(e), render ineffective any notice of appeal filed before their disposition") (construing prior version of Rule 4); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) ("[I]n order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed. Fed. Rule App. Proc. 4(a)(4).").[1] Thus, this

---

[1] *Griggs*' statement that a notice of appeal "self-destructs" if filed before a Rule 59(e) motion is decided is no longer valid following the 1993 amendments to Fed. R. App. P. 4(a)(4). *See* 1993 Adv. Comm. Note to Fed. R. App. P. 4(a)(4) (noting that amendment was designed to avoid the

Court retains authority to, and should, decide defendants' Rule 59(e) motion.[2]  Doing so would serve the judicial efficiency purpose identified by the Supreme Court as animating the procedures established by the Federal Rules of Appellate Procedure.

The parties have conferred about this motion, which plaintiffs oppose.

Should the Court grant this motion, it will be necessary to modify the schedule for the remaining briefing on the Rule 59(e) motion, given that plaintiffs' opposition, per the schedule that obtained before the case was stayed, would have been due today, March 17, 2016.  *See* Feb. 12, 2016 Minute Order.  Defendants propose that plaintiffs' Rule 59(e) motion opposition be due thirty days from the date this motion is decided, and that defendants' reply be due twenty-one days after plaintiffs' opposition is filed.

---

"trap" that the Supreme Court had discussed in *Griggs*) ("The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion.  A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively placed jurisdiction in the court of appeals.").

[2] There are at least two decisions of this Court that have concluded that in the current procedural posture, the Court may deny, but not grant, a Rule 59(e) motion.  *E.g.*, *Leadership Conf. on Civil Rights v. Gonzales*, 421 F. Supp. 2d 104, 107 (D.D.C. 2006) ("*Leadership Conference*").  Respectfully, those statements of law are incorrect.  *Leadership Conference* cites as support for this view the Circuit's 1991 decision in *Hoai*, which, contrary to the statement in *Leadership Conference*, principally concerned Rule 60, not Rule 59(e).  *See Hoai*, 935 F.2d at 312 n.3 (specifically acknowledging that motions governed by Fed. R. App. P. 4(a)(4), including a Rule 59(e) motion, are different); *id.* at 312 (contrasting Rule 59(e), and holding only that "the pendency of the appellants' *Rule 60(b)* motion in no way affects our jurisdiction over this case") (emphasis added).  In any event, particularly after the 1993 amendments to Fed. R. App. P. 4(a)(4), which were not before the Court in *Hoai* and which represented a substantial change as to the handling of a Rule 59(e) motion and a concurrent notice of appeal, the view that granting a Rule 59(e) motion would require the circuitous path of the District Court indicating to the Court of Appeals that the former is inclined to grant relief, whereafter the matter must be formally remanded to the District Court, *see id.*, no longer has any basis.  The other similar decision of which counsel is aware, *Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 n.1 (D.D.C. 2007), merely cites *Leadership Conference* and *Hoai*, and it fails to appreciate that *Leadership* misapprehended *Hoai* as applying to Rule 59(e) motions, and *Brown* further fails to note the substantial change in Fed. R. App. P. 4(a) that occurred two years after *Hoai* was decided.

## CONCLUSION

The Court should modify the stay entered in this matter to provide that the briefing on defendants' Rule 59(e) motion to alter or amend the judgment will continue and will be decided by the Court. The balance of the stay should remain in effect. Moreover, the Court should adjust the briefing schedule for the Rule 59(e) motion briefing, such that plaintiffs' opposition should be due thirty days from the date the instant motion is decided, and defendants' reply should be due twenty-one days after plaintiffs' opposition is filed.

    Respectfully submitted,

    CHANNING D. PHILLIPS, D.C. Bar # 415793
    United States Attorney for the District of Columbia

    DANIEL F. VAN HORN, D.C. Bar # 924092
    Chief, Civil Division

    By:   /s/_____
    PETER C. PFAFFENROTH, D.C. Bar # 496637
    Assistant United States Attorney
    555 Fourth St., N.W.
    Washington, D.C. 20530
    Phone: (202) 252-2513
    Email: peter.pfaffenroth@usdoj.gov

    *Attorneys for Defendants*