UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART LIFF, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>OFFICE OF THE INSPECTOR GENERAL FOR THE U.S. DEPARTMENT OF LABOR, *et al.*,<br><br>    Defendants. | Civil Action No. 14-1162 (JEB) |

## MEMORANDUM OPINION

This case sits at a jurisdictional crossroads. Earlier this year, Plaintiff Stewart Liff – a veteran public-sector consultant – survived a motion to dismiss, mostly unscathed. This Court's Opinion left him with a Fifth Amendment procedural-due-process claim against various federal agencies and a Bivens claim against several agency employees. The individual Defendants quickly moved for reconsideration of the decision on the Bivens claim, arguing that it is barred by the applicable statute of limitations. Before this Court could rule on that motion, however, they interlocutorily appealed the separate issue of qualified immunity to the Court of Appeals. Believing it had to yield, this Court pumped its brakes and stayed the case.

Defendants now move to lift the stay so that the Court can resolve their pending Motion to Reconsider, which they maintain is not encompassed by their appeal. Liff responds that, having sought greener pastures in the D.C. Circuit, Defendants must await a ruling there. This Court does not interpret its jurisdiction so narrowly and will lift the stay.

1

I.      **Background**

The parties' history with each other and before this Court is recounted in the prior Opinion resolving Defendants' Motion to Dismiss. See Liff v. OIG for the U.S. Dep't of Labor, 156 F. Supp. 3d 1, 5-9 (D.D.C. 2016). There, the Court permitted Plaintiff's procedural-due-process claim against several agency Defendants to proceed and then dismissed his Administrative Procedure Act claim as duplicative. See id. at 10-16, 21-22. As to Liff's Bivens cause of action against the individual Defendants, the Court denied their Motion, holding that those Defendants were not entitled to qualified immunity, but it declined to reach their thorny statute-of-limitations defense. See id. at 16-21.

Certain procedural logjams then developed. Roughly a month following the Opinion, on February 5, 2016, the individual Defendants asked the Court to reconsider the Bivens statute-of-limitations question – or, more precisely, to decide the timeliness issue in the first instance. See ECF No. 27-1 (Motion to Reconsider). On February 25, 2016, before the Court could resolve their Motion to Reconsider, they filed a Notice of Appeal to challenge the Court's decision on qualified immunity. See ECF No. 29 (Notice of Appeal); see also No. 16-5045 (D.C. Cir.).

Sensing that the Government wished to press its chances on appeal, without the benefit of a trial court's second gander, this Court stayed the case pending an appellate ruling. See Feb. 26, 2016, Minute Order. Defendants' signals were apparently mixed. Soon after, they filed a request to lift the stay so that their Motion to Reconsider could proceed here. See ECF No. 32. Then, they filed in the Court of Appeals a motion to hold their appeal in abeyance instead. See No. 16-5045, Doc. No. 1604562 (D.C. Cir. Mar. 17, 2016). That motion remains unresolved.

So what is Defendants' current relationship status with this Court? It's complicated. Observing that Defendants' toes were dipped into the jurisdiction of two courts – the district

court and the court of appeals – this Court held a hearing on the lift-stay Motion to explore what, if anything, remained of its jurisdiction and ordered briefing on this question. The issue is now ripe for decision.

## II.     Analysis

Cases may be stayed for any number of reasons. Parallel criminal prosecutions may be ongoing; dispositive appellate decisions may be pending; or the parties may otherwise desire some respite. To accommodate these ups and downs of litigation, the Court wields a "power to stay proceedings [that] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). Once a stay is imposed, the Court may lift it "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003).

The Court stayed the case here because the individual Defendants had filed a Notice of Appeal to challenge an adverse immunity decision. It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). To avoid issues inherent in overlapping jurisdiction, the filing of a notice of appeal has become "an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id. This Court's stay thus operated to allow the D.C. Circuit to resolve the appealed issues within that court's jurisdiction before further work was expended here.

3

Defendants now contend that the stay was unnecessary because this Court nonetheless retains jurisdiction to decide their pending Motion to Reconsider the separate statute-of-limitations issue. Plaintiff rejoins that, at most, only the procedural-due-process claim against the agency Defendants can continue because it was untouched by the Notice of Appeal. See generally Williams v. Vilsack, 669 F. Supp. 2d 16, 17 (D.D.C. 2009) ("The federal courts of appeals do not have jurisdiction over a party who is not specified in a notice of appeal . . . .").

As is often the case with jurisdictional issues, what from afar seems like an orderly wound ball of twine is, on closer inspection, a Gordian knot. The parties' interweaving strands of argument need not all be addressed, however, because Federal Rule of Appellate Procedure 4(a)(4) cuts cleanly through this jurisdictional tangle.

That Rule provides, first, a list of motions that toll the time to file a notice of appeal. See Fed. R. App. P. 4(a)(4)(A). Included in this list is a Rule 59 motion to alter or amend the judgment, which Defendants contend encompasses their Motion to Reconsider. See Fed. R. Civ. P. 59(e). The Rule also notes that if a party "files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective . . . when the order disposing of the last such remaining motion is entered." Id. 4(a)(4)(B)(i) (emphases added). In other words, if a Rule 59 motion is pending, a later-filed notice of appeal does not have an immediate jurisdiction-stripping effect. Rule 4(a)(4) is thus designed "to prevent unnecessary appellate review." Griggs, 459 U.S. at 59.

Defendants invoke the benefit of Rule 4(a)(4), arguing that their Notice of Appeal is not effective until the Court decides their Motion to Reconsider. In order to prevail, Defendants must show that (1) this Court's Bivens decision is a "judgment" and (2) their Motion to Reconsider qualifies as a Rule 59 motion for Rule 4(a)(4)'s jurisdiction-preservation purposes.

The first issue is not much disputed. A district court's judgment consists of any "order from which an appeal lies," Fed. R. Civ. P. 54(a), and appeals may arise from "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Although a denial of a motion to dismiss is not generally a final merits determination, the immunity context is different. Because the qualified-immunity doctrine aims to protect individual government actors from the burdens of discovery, a "district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). Both sides thus agree that this Court's prior qualified-immunity decision is a "judgment." See Opp. at 4-5.

About the second issue the weeds grow a bit thicker. Defendants style their Motion to Reconsider, in part, as a Rule 59(e) motion to alter or amend a judgment; in particular, they seek dismissal of the Bivens claim by pressing their limitations argument, which (if accepted) would result in a favorable outcome. Facially then, the Motion to Reconsider satisfies Rule 4(a)(4). Liff points out, however, that the only "final decision" here is the denial of qualified immunity and that Defendants are not attacking that judgment. Instead, they are explicitly "only seeking reconsideration as to the statute of limitations issue." Motion to Reconsider at 1 n.1.

This distinction is not so troubling. For jurisdictional purposes, a Rule 59(e) motion triggers Rule 4(a)(4) when it seeks "reconsideration of matters properly encompassed in [the] decision on the merits." White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 451 (1982); see Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988) (holding motion must "involve reconsideration of any aspect of the decision on the merits"). Issues are "properly encompassed" so long as they are not "uniquely separable from" or "wholly collateral" to the appealable

5

judgment. Osterneck v. Ernst & Whinney, 489 U.S. 169, 174-75 (1989) (quotation marks and citations omitted); see 11 Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice & Procedure § 2810.1 (3d ed. 2016) ("Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment.") (footnote omitted). Under this standard, the substance of the reconsideration motion and the final decision need not be identical. For instance, in Osterneck, the Supreme Court found that a postjudgment motion for discretionary prejudgment interest was a Rule 59(e) motion for Rule 4(a)(4)'s purposes merely because the amount of interest implicated factual issues brought out during the jury trial. Osterneck, 489 U.S. at 176; compare id. with Meng v. Schwartz, 305 F. Supp. 2d 49, 62-63 (D.D.C. 2004) (refusing to recognize motion as being covered by Rule 59(e) as it related not to merits but to state-law claims outside of court's diversity jurisdiction).

The connection here between the Motion to Reconsider and the subject of the appeal is likewise more than spurious. The statute-of-limitations and qualified-immunity issues are factually intertwined: Even Liff acknowledges that the former issue "require[s] factually intensive inquiries" relating to how and when his injuries occurred – facts also pertinent to the latter issue. See Opp. at 6 n.1 (quoting Motion to Reconsider at 7); see also Osterneck, 489 U.S. at 176.

Resolving the Motion to Reconsider on such a closely related issue "also helps further the important goal of avoiding piecemeal appellate review of judgments." Osterneck, 489 U.S. at 177. Just imagine what Liff's procedural theory might entail: If he won the current immunity appeal, the case would return for this Court to decide whether the Bivens claim was timely; then,

6

say, if the claim were deemed <u>untimely</u>, Liff might himself ultimately appeal that question. In this scenario, the first appeal would have been a waste of three appellate judges' time, having done nothing to advance the ultimate disposition of a case that hinged equally on timeliness. <u>See</u> Fed. R. App. P. 4(a)(4) advisory committee notes on 1979 amendments ("[I]t would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from."); <u>see also</u> <u>Shultz v. Crowley</u>, 802 F.2d 498, 502 (D.C. Cir. 1986) (expressing that Rule 59(e) motions have "effect on the finality (and thus the appealability) of a judgment"). Reaching the statute-of-limitations issue now might forgo such "unnecessary appellate review." <u>Griggs</u>, 459 U.S. at 59.

At the end of the day, because resolving the statute-of-limitations question implicates the qualified-immunity holding, Rule 4(a)(4) is satisfied. The Court, accordingly, has jurisdiction to resolve the Motion to Reconsider and will lift the stay to do so. In so doing, however, the Court does not suggest that any resulting timeliness decision would be immediately appealable – an issue that has swallowed up the majority of the briefing here. <u>See</u> Opp. at 5-13.

### III.  Conclusion

For these reasons, the Court will grant Defendants' Motion to Lift the Stay. A separate Order so stating will issue this day.

<u>/s/ <i>James E. Boasberg</i></u><br>
JAMES E. BOASBERG<br>
United States District Judge

Date:  <u>August 26, 2016</u>